```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
DAVID KUCHINSKY,                          :
                         Plaintiff,       :
                                          :    09 Civ. 00299 (DLC)
              -v-                         :
                                          :    OPINION & ORDER
EDDY A. CURRY,                            :
                         Defendant.       :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

　　Defendant Eddy A. Curry has moved to compel arbitration of this action.  For the following reasons, the motion is granted.

BACKGROUND

　　On January 12, 2009, David Kuchinsky filed this diversity action against Curry for damages arising from Curry's employment of Kuchinsky from October 2005 to October 2008.  As alleged in his complaint, Kuchinsky began to work for Curry in New York as a chauffeur.  The parties executed a written Services Agreement ("Agreement"), and shortly thereafter Curry asked Kuchinsky to relocate to Illinois.  Kuchinsky agreed to move, and the parties entered into a "subsequent agreement" in which Curry promised to pay Kuchinsky additional compensation for the relocation and an expansion of his duties.[1]

---

[1] Kuchinskey does not indicate that the "subsequent agreement" was in writing.

Kuchinsky describes the additional duties that he performed for Curry that were "extraneous" to those covered by the Agreement as cleaning, repairing and moving furniture in Kuchinsky's residence, packing for Curry, and negotiating with third parties on behalf of Curry.  Beginning in 2007, Curry began to treat Kuchinsky badly by, among other things, using derogatory and abusive epithets when addressing him, directing him to perform humiliating tasks, and pointing a loaded gun at him on two occasions.  Because of these acts, Kuchinsky was constructively discharged in October 2008.  Kuchinsky calculates that he is owed over $65,000 in back wages "pursuant to the parties' agreement" and for services that he performed that were "extraneous" to the Agreement, and over $25,000 for money that Kuchinsky advanced to Curry and for expenses that he incurred on behalf of Curry.

Kuchinsky's amended complaint, filed on February 24 2009, asserts nine causes of action.  Four of them are pleaded as statutory violations under New York law.  Kuchinsky brings claims for race and religious discrimination, sexual harassment, and creation of a hostile work environment under N.Y. Exec. L. Section 290 et seq., and a claim for unpaid wages in an amount in excess of $91,000 under New York Labor Law.  In addition, Kuchinsky brings claims for intentional infliction of emotional distress, breach of contract based on the failure to pay in

excess of $65,000 owed under the Agreement, breach of contract based on the parties' "subsequent" agreement,[2] breach of the implied covenant of good faith and fair dealing that applies to the parties' "contract", and promissory estoppel due to Curry's promise to reimburse Kuchinsky for expenses incurred during his employment and for the services he rendered to Curry.

On March 25, 2009, Curry filed a motion to arbitrate all claims in this action, and to dismiss the three claims pleaded pursuant to N.Y. Exec. L. Section 296 for lack of subject matter jurisdiction.  The motion was fully submitted on May 1.

DISCUSSION

Curry's motion to dismiss the three claims pleaded under N.Y. Exec. L. Section 296 for lack of subject matter jurisdiction is denied.  Curry contends that Kuchinsky has failed adequately to plead that Curry employed at least four persons during the relevant time; an employer with four or more employees being a necessary predicate for a violation of that law.  See N.Y. Exec. L. § 292(5); Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 197 n.5 (2d Cir. 2005).  This motion does not implicate the existence of subject matter jurisdiction over the claim, but is addressed to the complaint's failure to

---

[2] The amended complaint does not identify the amount that is due and owing for breach of the subsequent agreement.

3

state a claim.  Moreover, Kuchinsky has requested leave to amend to identify the three other employees whom he contends Curry employed during the relevant time period.  Treating Curry's motion, therefore, as a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, it is denied.  If this action were not subject to arbitration, then Kuchinsky would be granted leave to amend to plead that Curry employed at least four employees during the period at issue here.

Curry also seeks to require the plaintiff to arbitrate all of his claims.  The Federal Arbitration Act ("FAA") was designed to "ensure judicial enforcement of privately made agreements to arbitrate."  Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985).  The FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute resolution."  JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004) (citation omitted); see also Dynegy Midstream Services v. Trammochem, 451 F.3d 89, 96 (2d Cir. 2006).  Therefore, "under the FAA, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"  JLM Indus., 387 F.3d at 171 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,

4

460 U.S. 1, 24-25 (1983)).  The FAA requires that a contract provision to arbitrate disputes arising out of the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Under the FAA, unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability, it is for courts to decide whether the parties agreed to arbitrate. Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005).  A court deciding a motion to compel arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration.  JLM Indus., 387 F.3d at 169.

The Agreement, which bears the date October 15, 2005, and is executed by both parties, provides in pertinent part that "[Curry] desires to retain Chauffeur services . . . [and Kuchinsky] desires to work for [Curry] in the aforesaid capacity."  It describes Kuchinsky as an "Independent Driver" who was not entitled to benefits paid to Curry's employees.  It establishes, among other things, Kuchinsky's compensation at a monthly rate and his responsibilities, which include, inter

5

alia: that he "shall respond[] to the Chauffeur needs of the children, the mother and the father of the house," "provide transportation for friends and family designated by [Curry]," "ensure car is clean," and "drop off and pick up vehicles from repair shop." Its arbitration clause reads as follows:

> <u>Any controversy or claim arising out of or relating to the construction of or application of any terms, provisions, or conditions of this Agreement</u> shall on the written request of any party hereto served on the other party, be submitted to arbitration and such arbitration shall comply with and be governed first, in accordance with the laws of the state of Illinois, by the provisions of the American Arbitration Association ("AAA") (without any regard to any Choice of Law provision), as both are applicable to contracts mad[e] and performed entirely within the State of New York. Such arbitration shall be binding on the parties.
> Said locations of the arbitration shall be in the AA[A] office nearest to the Client's [Curry's] residence. The cost of arbitration shall be borne by the losing party or in such proportion as the arbitrator shall decide. Judgment on the award rendered by the arbitrator may be entered in any court in the world having jurisdiction.

(Emphasis supplied). The Agreement contained a merger clause, which required any modification to be in writing and signed by the parties.

Plaintiff does not deny that he entered into a written employment agreement with the defendant that contained an arbitration clause. Indeed, his amended complaint represents that "plaintiff was retained and employed by Curry in the State of New York, pursuant to an employment 'Services Agreement,'"

6

describes various provisions of the Agreement, and seeks damages for breach of the Agreement.[3]

The Agreement contains a broad arbitration clause that encompasses each of the claims asserted in the amended complaint. It provides that upon the written request of any party to the Agreement, "[a]ny controversy or claim arising out of or relating to the construction of or applications of any terms, provisions, or conditions of this Agreement" is subject to arbitration. This is a classically broad arbitration clause. Mehler v. Terminix Intern. Co. L.P., 205 F.3d 44, 46, 49 (2d Cir. 2000); Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 74, 76 (2d Cir. 1998). All of plaintiff's claims against Curry arise from his employment relationship with him, and can be said to arise out of and relate to the terms and conditions of this employment agreement.

Kuchinsky contends that the discriminatory acts of which he complains as well as the emotional distress suffered when Curry pointed a firearm at him, occurred outside the performance of his responsibilities as a driver and the other related tasks

---

[3] In his opposition to this motion, Kuchinsky disputes the authenticity of the agreement attached to the defendant's motion papers, but admits that his written employment agreement with Curry "contains substantially the same terms as that exhibit". Since Kuchinsky does not dispute that the signature on the Agreement is his, does not provide a different copy of the employment agreement, and fails to identify any discrepancy between the exhibit and his own copy, there is no reason not to rely on the exhibit in addressing this motion.

7

described in paragraph two of the Agreement.  As a result, he argues that at least these claims are beyond the scope of the arbitration clause in the Agreement.  Kuchinsky is wrong.  Each of these acts, as described by the amended complaint, is sufficiently related to Curry's employment of Kuchinsky to fall within the reach of the Agreement's broad arbitration clause.  See Mehler, 205 F.3d at 49.

Kuchinsky resists arbitration with three additional arguments.  He first contends that the Agreement is unconscionable and therefore unenforceable.  Kuchinsky explains that he did not understand "the language and/or structure of the agreement" and was nonetheless required to "take it or leave it".  Having no bargaining power, and deprived of the opportunity to have the Agreement reviewed by an attorney, Kuchinsky asserts that he was forced to sign it.  In a related argument, he asserts that the Agreement was unsupported by consideration, and as a result cannot be enforced.[4]  These attacks go to the enforceability of the contract as a whole, and must be submitted to the arbitrator. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006); In re American Express Merchants' Litigation, 554 F.3d 300, 311 (2d Cir. 2009).

---

[4] The Agreement recites that it is supported by consideration, and its terms confer benefits on both parties.  While Kuchinsky attacks the enforceability of the Agreement in this motion, he has also brought claims for breach of the Agreement.

8

Kuchinsky also attacks the fairness of the arbitration clause, which requires him to arbitrate his claims in Chicago although he now lives in New York, and may require him to bear the costs of the arbitration should he lose, unless the arbitrator decides on some other allocation of costs.  Both grounds for this attack fail.  See Scherk v. Alberto-Culver Co., 417 U.S. 506, 518-520 (1974) (recognizing prima facie validity of forum-selection provisions in arbitration agreements); Bear, Stearns & Co., Inc. v. Bennett, 938 F.2d 31, 32 (2d Cir. 1991) (same); Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91, 92 (2000) ("where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs," and the mere "'risk' that [the plaintiff] will be saddled with prohibitive costs is too speculative to justify . . . invalidation").

Finally, Kuchinsky argues that Curry has waived his right to enforce the arbitration clause by choosing to sue Kuchinsky in Illinois state court.  Apparently, after Kuchinsky left Curry's employ and filed this lawsuit the parties signed an agreement to mediate their disputes, and Curry has now sued Kuchinsky for an alleged breach of the confidentiality clause in that mediation agreement.  While a party may by its conduct in litigation, ordinarily by delaying unreasonably its request for

arbitration, waive its right to enforce the arbitration clause in a contract, that waiver is by conduct and delay in connection with the disputes subject to arbitration. See In re Crysen/Montenay Energy Co., 226 F.3d 160, 162-63 (2d Cir. 2000); PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107-08 (2d Cir. 1997). Here, Curry has promptly moved to compel arbitration, and Kuchinsky has not shown that the litigation over the breach of a mediation agreement constitutes a waiver of the right to arbitrate the issues raised in this lawsuit.

CONCLUSION

Curry's March 25, 2009 motion to compel arbitration is granted. This action is stayed pending arbitration of each of the claims raised in this action. Should the defendant fail to commence arbitration proceedings within thirty days, the plaintiff may apply for this stay to be lifted.

SO ORDERED.

Dated:   New York, New York
         May 28, 2009

                                    _____
                                         DENISE COTE
                                    United States District Judge